MORRIS EDELSTEIN, PLAINTIFF-RESPONDENT, v. HARRY COLVILLE, DEFENDANT-APPELLANT.

Argued October 3, 1939—Decided November 3, 1939.

394

Before Justices TRENCHARD, CASE and HEHER.

For the respondent, *Milton Rosenblum* and *Morris Edelstein, pro se.*

For the appellant, *Melosh, Morten & Melosh* (*Louis G. Morten*).

The opinion of the court was delivered by

CASE, J. The suit was on an express contract for legal services rendered by the plaintiff, an attorney-at-law, at the agreed compensation of $100. Judgment went for the plaintiff in that amount, and defendant appeals. We decide the appeal on the plaintiff's testimony and the statute.

Plaintiff testified: "I entered into an agreement with Mr. Colville to apply for a writ of *habeas corpus* in his behalf, because of his alleged incarceration in the Hudson county jail on account of a matrimonial matter. * * * Mr. Colville agreed to pay me $100 to continue with a writ of *habeas corpus* which I did. * * * The chief justice did not decline my application for a writ of *habeas corpus*. He did not care to render an opinion." "*Q*. You did not get a writ of *habeas corpus* from the Supreme Court? *A*. No, we could have." It appears that Colville was incarcerated under a writ of *ne exeat*, issued out of the Court of Chancery, served upon him in Jersey City at the instance of his wife in a maintenance proceeding. The presence of Colville in this state for the purpose of service of the writ was, he alleged, secured by the chief probation officer of Hudson county, in whose nominal custody Colville then was, on the pretense of consultation but in fact to enable Colville's wife to secure the arrest.

The appeal, in our opinion, turns, not upon those preliminary incidents, but upon whether or not the plaintiff performed his contractual obligation to apply for a writ of *habeas corpus*. Without the presentation of petition or proofs plaintiff appeared before the chief justice, made oral argument and subsequently submitted a brief tending to support the proposition that Colville, in coming into the state upon the request of the probation officer, was exempt from service upon him of process issuing out of the Court of Chancery. Upon that contention a writ of *habeas corpus* was requested. According to the testimony of Edelstein no opinion was filed and no decision rendered, and he did not obtain a writ, although he could have done so.

The question is whether the plaintiff applied for a writ of *habeas corpus*. When Edelstein undertook to apply for the writ it was for him to pursue the proper practice to that end. The *Habeas Corpus* statute, *R. S.* 2:82-15, provides that application for a writ of *habeas corpus* shall be made by petition, signed either by the party for whose relief it is intended or by some person in his behalf, directs in detail what the petition shall in substance state and that "it must be verified by the oath of the party making the application" and—in section 16—that the court or justice to whom such petition shall be presented shall grant such writ without delay "unless it shall appear from the petition itself, or from the documents annexed" thereto that the applicant is by the provisions of the statute—not pertinent in the instant case—prohibited from prosecuting the writ.

The detention of the defendant was under an order issued out of the Court of Chancery. The attorney did not apply for the writ of *habeas corpus* to the chancellor or a vice-chancellor. He did not deem it expedient to do so. We may assume that he was not obliged to do so either by the statute or by his contract and that he was at liberty to apply to a justice of the Supreme Court. But wherever or to whomever he went he was under the obligation, as we have said, to pursue the appropriate legal procedure. Suppose he had chosen to accost a judicial officer on the street and brusquely to ask for his writ, and the officer had looked at him and passed on. Would that

have been such an application as would entitle the attorney to his fee? Manifestly not.

It is clear that the application was not in accordance with the statute or the practice and that it was of an informal character which did not require, or result in, either a granting or a refusal of the writ.

Judgment reversed, with costs.